UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

JESUS HOLINESS CHURCH, INC.          Chapter 11

        DEBTOR                    CASE NO: 6:11-BK-15112-KSJ
_____/

## JESUS HOLINESS CHURCH, INC.'S PLAN OF REORGANIZATION
## FEBRUARY 17, 2012

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Jesus Holiness Church, Inc. (the "Debtor") from cash flow from operations, loan proceeds, or future income.

This Plan provides for one (1) class of secured claims; zero (0) classes of unsecured claims; and zero (0) classes of equity security holders. This Plan provides for the payment of administrative and priority claims if payment is not in full on the effective date of this Plan with respect to any such claim.

All creditors and equity security holders should refer to Articles III through VI of this plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 <u>Class 1</u>.   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02 <u>Class 2</u>.   The claim of First Baptist Church of Eustis, to the extent allowed as a secured claim under § 506 of the Code.

2.03 <u>Class 3</u>.   All unsecured claims allowed under § 502 of the Code.

2.04 <u>Class 4</u>.   Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   <u>Unclassified Claims</u>.  Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax Claims are not in classes.

3.02   <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim Allowed under § 503 of the Code [, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code.

3.04   <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under the Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1<br>Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2<br>Secured Claim of 1st Baptist Church Of Eustis | Unimpaired | Monthly Plan Payments of $1,200.00 in certified funds, due and payable on the 1st day of each month, a balloon payment for full balance due (principle, interest, fees/costs) due on Sept. 1, 2012. |
| Class 3<br>General unsecured Creditors | N/A | N/A |
| Class 4<br>Equity Security Holders of the Debtor | N/A | N/A |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executor contracts and/or unexpired leases Effective upon the effective date of this Plan as provided in Article VII, the date of the entry of the order confirming this Plan.

[No leases established as of the date of the filing of this chapter 11 plan]5

(b)    The Debtor will be conclusively deemed to have rejected all executory Contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the "effective date of this Plan.", "the date of the entry of the order confirming this Plan." A proof of a claim arising from the rejection of an executor contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Debtor(s) will lease the property at 719 East Orange Ave., Eustis, Florida 32726 to Jesus Holiness Pentecostal Church, Inc. for $1,200.00 per month beginning February 1, 2012. The Debtor will pay towards the balance owed to First Baptist Church of Eustic. The payments will be applied first to interest, and then to the principle balance of $203,355.00. A balloon payment of the entire amount owed (principle, interest, fees/costs) is due and payable on September 1, 2014. The Debtor may seek refinancing to pay the debt in full at any time prior to September 1, 2014.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 1001 and 1002 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The heading contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

[8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

[8.07    Corporate Governance. [If the Debtor is a corporation include provisions required by §1123(a)(6) of the Code.]]

## ARTICLE IX
## NO DISCHARGE OF DEBTOR

9.01    No Discharge. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

## ARTICLE X
## OTHER PROVISIONS

10.01   A balloon payment of the entire amount (principle, interest, fees/costs) owed to secured creditor, First Baptist Church of Eustis, will be due and payable in full on September 1, 2014. The debtor may seek refinancing at any time prior to September 1, 2014.

10.02   The Debtor will maintain insurance on the premises after expiration of the forced placed insurance held by First Baptist Church of Eustis. The policy will insure the premises at not less than full insurable value and the policy will name First Baptist Church of Eustis as an additional insured. Any such policy is subject to pre-approval by First Baptist Church of Eustis.

10.03  The Debtor will suffer no waste, impairment, or further deterioration of the premises.

10.04  The debtor and third party Jesus Holiness Pentecostal Church, Inc. will also be obligated by the lease to maintain the property.

10.05  In the event of a default, which will include failure to comply with any of "the other provisions" in Article X and failure to make plan payments in Article IV and Article VII, the Debtor will convey the premises to First Baptist Church of Eustis. Enforcement of this provision will be accomplished as part of the Chapter 11 case and pursuant to the bankruptcy court's jurisdiction; First Baptist Church of Eustis will not be required to seek relief from stay to finish the state court foreclosure action and hold the judicial sale.

Respectfully submitted,

By: X _____
   The Plan Proponent

By: _____
   Attorney for the Plan Proponent